(17 App. Div. 274.)

CITY OF KINGSTON v. COLONIAL CITY TRACTION CO. et al.

(Supreme Court, Appellate Division, Third Department. May 25, 1897.)

STREET RAILROADS—RIGHT TO REMOVE UNLAWFUL CROSSING.

     A city cannot enjoin a street-railroad company from removing a crossing over its tracks, constructed by a steam railroad company without authority.

Appeal from special term, Ulster county.

Action by the city of Kingston against the Colonial City Traction Company and another to enjoin defendants from digging up, damaging, and obstructing, and from interference with, Strand street in said city. From an order continuing an injunction pendente lite, defendant traction company appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

G. D. B. Hasbrouck, for appellant.
John F. Cloonan, for respondent.

PER CURIAM. From the papers submitted to us it appears that the Ulster & Delaware Railroad Company, on the night of the 13th of December, 1896, placed a crossing over the railway tracks of the Colonial City Traction Company in Strand street in the city of Kingston. This was done by the first-named corporation, without having obtained the consent of the latter, and without having instituted condemnation proceedings. The crossing was taken up by the Co-

lonial City Traction Company, and replaced by the Ulster & Delaware Railway Company on the morning of December 15th. On the same day the Colonial City Traction Company attempted to remove it, and was prevented from so doing by a car load of stone placed across its tracks. On December 16th the Ulster & Delaware Railroad Company brought an action to restrain the traction company from interfering with said crossing, obtaining a temporary injunction therein, and an order to show cause why the same should not be continued until final judgment in the action. The hearing of the motion was had at a special term held in the city of Kingston on the 19th day of December, 1896. The motion for a continuance of the injunction was denied, and the temporary injunction theretofore granted vacated; the court determining that the Ulster & Delaware Railroad Company was not authorized to intersect the tracks of the Colonial City Traction Company without having obtained its consent, or a right to take such action by condemnation proceedings; that "an injunction can only issue to protect that which the plaintiff has a lawful right to protect." Immediately after the denial of the motion for an injunction in the action above mentioned, this action was brought by the city of Kingston against both of the above-named corporations on the theory that they were obstructing a public street in said city at the said crossing, and creating a nuisance therein, and thereafter an order was obtained continuing the temporary injunction theretofore granted in said action, which restrained both of said defendants from interfering with said street, and from digging up, obstructing, and damaging the same. From such order this appeal is taken by the Colonial City Traction Company.

When this action was commenced, the crossing having been made by the Ulster & Delaware Railroad Company, the effect of the injunction order was necessarily to afford that corporation the relief it sought, but failed to obtained, in its action against the appellant. It is urged by the learned counsel for the appellant that the plaintiff cannot maintain an equitable action for an injunction against the defendants under the circumstances; that the city of Kingston, under its charter, has ample power, by its officers, servants, or agents, to remove all obstructions placed in its streets without bringing an action; that no facts are alleged in the complaint or shown to sustain an action to abate a nuisance which the corporation could remove without seeking the interference of this court. In the view we take of the case, we do not deem it necessary to determine the question thus raised. It having been determined by the special term in the action brought by the Ulster & Delaware Railroad Company against the Colonial City Traction Company that the former had no right to intersect the tracks of the latter, it would have been proper for the court below to have granted an injunction restraining the former corporation from intersecting the railroad tracks of the latter, and directing it to remove the crossing therefrom; but we can find in the evidence and papers no facts stated that justified the granting of an injunction restraining the appellant from protecting its property, and from resisting an un-

lawful invasion of its rights. The Ulster & Delaware Railroad Company is not shown to have had any right whatever to intersect the tracks of the Colonial City Traction Company. The former corporation had not obtained the consent of the latter, or a right to the crossing by condemnation proceedings. Hence, when the action was commenced, the Ulster & Delaware Railroad Company, having unlawfully intersected the appellant's tracks, the latter was authorized to protect its property, and remove the obstruction. It was doing or proposing to perform a legal act. The Ulster & Delaware Railroad Company could not justly complain of the proposed action of the appellant in taking up a crossing placed upon its tracks by the former company without authority, and in violation of law. As the evidence and papers in the case do not show that the appellant had done or threatened to do any illegal or unauthorized act, but that it was protecting or proposing to protect its property, the order continuing the temporary injunction was, we think, improperly granted. For the reasons above suggested, and without considering other questions raised in the case, we conclude that as to the appellant the order from which the appeal is taken should be reversed, with $10 costs and disbursements, the motion for an injunction denied, with $10 costs, and the temporary injunction heretofore granted in the action vacated.